# EXHIBIT A

**COPY**
Original Filed

OCT 0 6 2021

Clark Co. Dist. Court

# IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
# FOR THE COUNTY OF CLARK

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff<br><br>v.<br><br>SELECTQUOTE INSURANCE SERVICES dba SELECTQUOTE INSURANCE SERVICES, INC<br><br>Defendant. | Case No.: 21C5060-3<br><br>ORIGINAL COMPLAINT FOR A CIVIL CASE AND INJUNCTIVE RELIEF<br><br>Jury Trial: ☒ Yes ☐ No |

## I. BASIS FOR JURISDICTION

Plaintiff Nathen Barton is a natural person and resident of Clark County, Washington. Nearly all the acts alleged in this complaint occurred in Clark County, Washington State, during the year 2021.

Jurisdiction in this court is correct because of where Plaintiff resides, and his residence is a nexus where Plaintiff suffered personal injury and invasion of privacy at the hands of the Defendant.

All the telemarketing phone calls alleged in this complaint were made to one specific 360-area code cell phone number that is assigned to Plaintiff in exchange for a monthly service fee.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 1 / 11         NATHEN BARTON
                                                                4618 NW 11TH CIR
                                                                CAMAS WA 98607

Defendants were or should have been aware they were reaching into the Western area of Washington State by dialing a 360 area code number.

## II. THE PARTIES TO THE LITIGATION

Plaintiff Nathen Barton resides at 4618 NW 11th Cir, Camas WA 98607, inside the bounds of Clark County, Washington State.

Defendant SelectQuote Insurance Services, ("SelectQuote") is a Kansas company with principal address of 6800 W 115th Street, Suite 2511, Overland Park KS 66211.

SelectQuote's Washington State registered agent is Corporation Service Company, with the with address of 300 Deschutes Way Ste 208 MC-CSC1, Tumwater WA 98501.

## III. STATEMENT OF CLAIM

On July 9, 2020, Plaintiff registered and paid for a Washington State (360) telephone area code cellular number to be primarily used by his minor child. It is a Protected Computer as it is used in a manner that affects interstate or foreign commerce or communication. The phone is and was on a very limited service plan, with each call, text, or data usage subtracting from a fixed amount of each available each month.

The cell phone number at issue was registered on the FTC national *do-not-call* registry more than 31 days before July 12, 2021.

At no time relevant to this lawsuit did Plaintiff invite or consent to any solicitation calls for "Final Expenses" or "Final Expenses Life Insurance", or life insurance.

**Unsolicited Telemarketing Call #1**

At or about 1:02pm on July 12, 2021, Plaintiff received a phone call from (360) 206-5166. In the subsequent 14-minute-long call, the caller introduced herself with the artificial or pre-

recorded voice message: "Hi, this is Sandra, senior advisor, um, can you hear me ok? And I have a specialist here who just needs a few minutes of your time. One second."

Then a live person joined the call, and she said "Hello. Hi this is Alyssa with [unintelligible] final expense" and she was calling to sell "final expense" life insurance plans.

Alyssa asked what state Plaintiff lived in, and Plaintiff said Washington State.

At about 3 minutes and 40 seconds into the call, Alyssa joined "Kelly" to the call, and Kelly continued the sales process.

At about 6 minutes into the call, Kelly joined "James", to the call, and James finally revealed the entity behind the solicitation – "Select Quote".

James said that SelectQuote was not an insurance company, but that SelectQuote was "the oldest and largest shopping agency for life insurance coverage".

Eventually Plaintiff ended the call.

If "senior advisor" is supposed to be a business or trade name, it does not exist according to the Washington State Department of Revenue.

The defendant did not identify the entity behind the call in the first 60 seconds of the call.

### Unsolicited Telemarketing Call #2

At or about 11:57am on July 28, 2021, Plaintiff received a phone call from (360) 206-5355. In the subsequent nearly 18-minute-long call, the caller introduced herself with the artificial or pre-recorded voice message:

> "Hello this is Connie with Senior Aid Helper speaking on a recorded line, um can you can hear me ok? [unintelligible] and as I mentioned a moment ago, I'm with Senior Aid Helper and you can press one to be removed and we are following up today ah because our records show that you may qualify for a new insurance plan that could save you a few hundred dollars every month and if you are interested in learning more I can get someone from our life insurance department on the line now."

1     At about one minute into the call, "Connie" joined a real human "Jane" to the call, and Jane said she was from the "Final Expense Health Center" (a business and trade name that does not exist according to the Washington State Department of Revenue)

4     Jane continued the sales pitch.

5     At about four minutes into the call, Jane joined "Jill" to the call. Jill continued the sales pitch process

7     At six minutes into the call, Jill joined "Jeff" to the call, and he introduced himself with "Thank you for calling Select Quote Insurance Services this is Jeff Hutton".

9     Jeff Hutton admitted "We probably called you", and he continued the sales pitch process.

10     The defendant did not identify the entity behind the call in the first 60 seconds of the call.

**Unsolicited Telemarketing Call #3**

12     At or about 2:07am on August 3, 2021, Plaintiff received a phone call from (425) 230-6428. In the subsequent nearly five-and-a-half minute-long call, the live caller started out asking Medicare questions and registering people for a "free" "Senior Perk" membership. She said "I need to connect you with our Medicare insurance specialist".

16     At about 4 minutes into the call, the original caller joined another party to the phone call, and that party introduced themselves with an automated or pre-recorded voice "Thank you for calling SelectQuote Senior, calls may be monitored and recorded for quality assurance".

19     Eventually a live person joined the call, introducing himself with "Hi this is Angel on a recorded line" and the original calling lady vanished from the call. Plaintiff hung up as well.

21     SelectQuote initiated the call for the purposes of encouraging the purchase of goods or services.

**Unsolicited Telemarketing Call #4**

1   At or about 9:11am on August 9, 2021, Plaintiff missed a call from (509) 571-2188. Later
2   Plaintiff learned SelectQuote initiated the call for the purposes of encouraging the purchase of
3   goods or services.

### Unsolicited Telemarketing Call #5

5   At or about 10:35am on August 9, 2021, Plaintiff received a call from (509) 571-2188.
6   "Sadie" introduced herself, and she started asking Medicare questions. At about 2 minutes and
7   45 seconds into the call, Sadie joined "Edward" to the call, and Edward started asking life
8   insurance questions.

9   At about six minute into the call, another man joined the call, and he introduced himself
10  with "Hi thanks for calling SelectQuote Insurance Services this is Vince Bohner [guessing how
11  how the last name is spelled] on a recorded line how can I help you today?" SelectQuote
12  initiated the call for the purposes of encouraging the purchase of goods or services. Shortly after
13  Vince got on the line, the call dropped.

### Unsolicited Telemarketing Call #6

15  At or about 10:42am on August 9, 2021, Plaintiff received a call from (360) 350-6356. It
16  was Vince Bohner from SelectQuote calling to continue the sales process for life insurance.
17  Plaintiff said "if you will put me on your do not call list I would appreciate it", and hung up.

### Unsolicited Telemarketing Call #7

19  At or about 1:14pm on August 17, 2021, Plaintiff received a call from (360) 717-2858. In
20  the subsequent 6-minute-long call, the caller introduced herself with the artificial or pre-recorded
21  voice message: "Hi there this is Mika with Support First on a recorded line how are you today?"
22  And she went on about Medicare for another minute or so, before joining a live person "Vonya"
23  to the call.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 5 / 11

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Vonya asked questions, including Plaintiff's state of residence. At about four minutes into the call, Vonya joined another party to the call.

That party joined the call with the artificial or pre-recorded voice message "Thank you for calling SelectQuote Senior calls may be monitored for quality assurance". And then a live person joined the call. That person said again that the calling entity was "SelectQuote Senior".

Plaintiff once again, at six minutes into the call, asked to be placed on SelectQuote's do-not-call-list. SelectQuote hung up.

### Unsolicited Telemarketing Call #8

At or about 2:09pm on August 27, 2021, Plaintiff missed a call from (319) 317-1222. Plaintiff called that number back about 7 minutes later and learned SelectQuote initiated the call for the purposes of encouraging the purchase of goods or services.

### Defendants are Unlicensed Commercial Telephone Solicitors

RCW 19.158.020 says:

(1) A "commercial telephone solicitor" is any person who engages in commercial telephone solicitation

(2) "Commercial telephone solicitation" means:

    (a) An unsolicited telephone call to a person initiated by a salesperson and conversation for the purpose of inducing the person to purchase or invest in property, goods, or services;

RCW 19.158.050(1) says in part:

"In order to maintain or defend a lawsuit or do any business in this state, a commercial telephone solicitor must be registered with the department of licensing."

Although RCW 19.158.050(3) says "The department of licensing shall issue a registration number to the commercial telephone solicitor.", in practice this Commercial

Telephone Solicitor "registration number" appears as an endorsement on the business license issued by The Washington State Department of Revenue.

According to The Washington State Department of Revenue, SelectQuote does not have a Commercial Telephone Solicitor endorsement. SelectQuote acted as unlicensed commercial telephone solicitors.

### These calls are annoying

The phone ringing and missed calls are obnoxious, an invasion of privacy, and a waste of time. These phone calls were initiated to encourage Plaintiff to purchase goods or service.

### IV.   RELIEF

### Federal Claims

### TCPA 47 U.S.C. 227

Defendant violated the regulations governing the TCPA, 47 C.F.R § 64.1200, and TCPA 47 U.S.C. 227(c) by texting Plaintiff's cellular telephone number without invitation or consent.

Defendant violated 47 U.S.C. 227(b) by calling Plaintiff's cellular telephone without invitation or consent, while using an artificial or prerecorded voice.

### Washington State Claims

### RCW 19.158.050

SelectQuote was not registered as a Commercial Telephone Solicitor with the Washington State Department of Licensing when any of the solicitation calls were placed to Plaintiff, in violation of RCW 19.158.050(1).

### RCW 19.158.110

Washington State RCW 19.158.110(1) says:

> Within the first minute of the telephone call, a commercial telephone solicitor or salesperson shall:

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 7 / 11

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

(a) Identify himself or herself, the company on whose behalf the solicitation is being made, the property, goods, or services being sold;

SelectQuote did not identify a legitimate company name and the services being sold in the first 60 seconds of the calls they initiated to Plaintiff, and Plaintiff answered.

Washington State RCW 19.158.110(2) says:

If at any time during the telephone contact, the purchaser states or indicates that he or she does not wish to be called again by the commercial telephone solicitor or wants to have his or her name and individual telephone number removed from the telephone lists used by the commercial telephone solicitor:

(a) The commercial telephone solicitor shall not make any additional commercial telephone solicitation of the called party at that telephone number within a period of at least one year;

(b) Terminate the telephone call within ten seconds if the purchaser indicates he or she does not wish to continue the conversation.

The Defendants called Plaintiff within a period of one year after Plaintiff asked for Plaintiff's number to be removed from the telephone lists used by SelectQuote.

### RCW 19.158.150

SelectQuote violated Washington State RCW 19.158.150 many times by soliciting Plaintiff on his cell phone while they were not registered on with the Washington State Department of Licensing as Commercial Telephone Solicitors, or while working on behalf of an unregistered Commercial Telephone Solicitor.

### RCW 80.36.390(2)

Washington State RCW 80.36.390(2) says

A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty seconds of the telephone call.

SelectQuote failed to identify a legally identifiable company or organization name behind the solicitation, and the purpose of the call, within the first 30 seconds of the phone calls.

### RCW 80.36.390(3)

Washington State RCW 80.36.390(3) says

If, at any time during the telephone contact, the called party states or indicates that he or she does not wish to be called again by the company or organization or wants to have his or her name and individual telephone number removed from the telephone lists used by the company or organization making the telephone solicitation, then:

(a) The company or organization shall not make any additional telephone solicitation of the called party at that telephone number within a period of at least one year.

Plaintiff ask for no further calls and for Plaintiff's telephone number to be removed from the telephone lists used by SelectQuote, and received additional calls within a period of one year.

### RCW 80.36.400

Washington State RCW 80.36.400(2) states:

"No person may use an automatic dialing and announcing device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state."

Defendants violated Washington State RCW 80.36.400(2) four times by calling Plaintiff's cellular telephone number times without consent or invitation, while using an automatic dialing and announcing device for commercial solicitation.

RCW 80.36.400 defines "Commercial solicitation means the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services."

### Treble Damages

Plaintiff believes the record shows that Defendants' violations of the law were willful or knowing. Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227(c)(5), and the

1 presumption that violations of RCW 80.36.400 and RCW 19.158.030 triple damages under the
2 Washington State Unfair Business Practices Act RCW 19.86.

### Injunctive Relief

TCPA 47 U.S.C. 227(b)(3)(A) and 47 U.S.C. 227(c)(5)(A) allows "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,".

Washington State RCW 80.36.390(6) says:

> A person aggrieved by repeated violations of this section may bring a civil action in superior court to enjoin future violations, to recover damages, or both.

Plaintiff is not unique – he simply had the misfortune to be targeted by Defendants' mass calling machine. It is reasonable to believe that Defendants have done this many times in the past and will continue harming the residents of this State and other States in the future.

Plaintiff asks this Court to enjoin the Defendants from calling phone numbers using pre-recorded or artificial voices without consent.

### All Possible Damages

Plaintiff prays for all possible damages, in law and in equity, statutory, real, and punitive, that he might entitled too. Examples might be, but are not limited to, court costs, attorney fees, pre-judgement interest, and post-judgement interest.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed at Vancouver, WA on _____.

_____
(Nathen Barton)

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 10 / 11

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

presumption that violations of RCW 80.36.400 and RCW 19.158.030 triple damages under the Washington State Unfair Business Practices Act RCW 19.86.

## Injunctive Relief

TCPA 47 U.S.C. 227(b)(3)(A) and 47 U.S.C. 227(c)(5)(A) allows "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,".

Washington State RCW 80.36.390(6) says:

> A person aggrieved by repeated violations of this section may bring a civil action in superior court to enjoin future violations, to recover damages, or both.

Plaintiff is not unique – he simply had the misfortune to be targeted by Defendants' mass calling machine. It is reasonable to believe that Defendants have done this many times in the past and will continue harming the residents of this State and other States in the future.

Plaintiff asks this Court to enjoin the Defendants from calling phone numbers using pre-recorded or artificial voices without consent.

## All Possible Damages

Plaintiff prays for all possible damages, in law and in equity, statutory, real, and punitive, that he might entitled too. Examples might be, but are not limited to; court costs, attorney fees, pre-judgement interest, and post-judgement interest.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed at Vancouver, WA on 10/6/2021

(Nathen Barton)

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 10 / 11

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607